UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CRAIG JOHNSON,
    PLAINTIFF,

                                            **Case No.:**

v.

UNUM LIFE INS. CO. OF
AMERICA, a foreign corporation,
    DEFENDANT.
_____/

## COMPLAINT FOR BENEFITS

    Plaintiff, CRAIG JOHNSON, by and through his undersigned attorney, sues Defendant, UNUM LIFE INS. COMPANY OF AMERICA, a foreign corporation, and says:

    1.    Plaintiff's employer provided for the benefit of Plaintiff, a Florida resident and Plan participant, a long term disability plan. A copy of the plan/policy is attached and incorporated herein.

    2.    Defendant, a foreign corporation authorized to transact business in the state of Florida, is the named fiduciary and claims' administrator to whom all duties and responsibilities of claims and appeals administration have been delegated, including but not limited to the duty to provide copies of Plan documents, the claim file, administrative record and other claim related documents required to be produced upon the request of a participant, to pay long-term benefits and otherwise comply with applicable ERISA law and regulations.

    3.    Defendant acknowledged Plaintiff was disabled as a result of mental conditions and paid disability benefits through 11/28/16.

- 1 -

4. Defendant denied Plaintiff's claim by letter dated 11/28/16 contending that there was no evidence Plaintiff was disabled as a result of physical conditions and that Plaintiff had exhausted disability benefits payable for disability due to mental conditions.

5. Plaintiff timely appealed and submitted evidence demonstrating that he was disabled as a result of his chronic pain, diabetes, and other conditions.

6. Defendant referred the file to a peer review physician who following his review posed two written questions (to be answered by Plaintiff's treating physician) to Plaintiff. As the questions made little sense and/or were answered by the medical records available to Defendant, Plaintiff responded, in writing, requesting clarification. Defendant (Holt) agreed the questions were poorly worded and confusing and stated it would rephrase the questions. Plaintiff specifically advised that he would work with Defendant to get valid questions answered. Nonetheless, new questions were never submitted. Instead of clarifying the questions Defendant (O'Neal) denied Plaintiff's appeal by letter dated 7/27/17, based, at least in part, on the peer reviewer physicians misunderstanding that contact with Plaintiff's treating physician was prohibited and its own refusal to acknowledge Plaintiff's genuine offer to work cooperatively towards a resolution.

7. Having exhausted his administrative remedies, Plaintiff filed this claim. Plaintiff seeks benefits at the rate of $1,821.60 per month commencing on the date of cutoff and continuing through the current date and for so long as Plaintiff is eligible pursuant to the terms of the plan, but not beyond 9/11/34.

8. Plaintiff has retained the undersigned attorney and is obligated to him for reasonable attorney's fees for his services. Plaintiff seeks reasonable attorney's fees pursuant to § 29 USC 1132(g).

- 3 -

9. Plaintiff reasonably believes that as a result of the denial of his claim for LTD benefits, he has been denied other benefits including but not limited to life insurance and health insurance.

**WHEREFORE**, PLAINTIFF demands judgment for damages against DEFENDANT for disability benefits and consequential damages (only to the extent they are recoverable under ERISA law) including other employment benefits denied to Plaintiff as a result of the wrongful denial of his LTD benefits, together with interest, attorney's fees, and costs.

/s/ Terence J. Kann
**TERENCE J. KANN, P.A.**
Florida Bar #286664
2790 NW 43rd Street, Suite 100
Gainesville, Florida  32606
Telephone: (352)375-3203
Facsimile:  (352)380-0378
Attorney for Plaintiff