UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CRAIG JOHNSON,
    PLAINTIFF,

                                                                     Case No.:   1:17-cv-215-MW-GRJ

v.

UNUM LIFE INS. CO. OF
AMERICA, a foreign corporation,
    DEFENDANT.
_____/

## AMENDED COMPLAINT FOR BENEFITS

    Plaintiff, CRAIG JOHNSON, by and through his undersigned attorney, sues Defendant, UNUM LIFE INS. COMPANY OF AMERICA, a foreign corporation, and says:

    1.    Plaintiff's employer provided for the benefit of Plaintiff, a Florida resident and Plan participant, a long term disability plan. A copy of the plan/policy was attached to the original complaint and by reference is incorporated herein.

    2.    Defendant, a foreign corporation authorized to transact business in the state of Florida, is the named fiduciary and claims' administrator to whom all duties and responsibilities of claims and appeals administration have been delegated, including but not limited to the duty to provide copies of Plan documents, the claim file, administrative record and other claim related documents required to be produced upon the request of a participant, to pay long-term benefits and otherwise comply with applicable ERISA law and regulations.

    3.    Defendant acknowledged Plaintiff was disabled as a result of mental conditions and paid disability benefits through 11/28/16.

- 2 -

4. Defendant denied Plaintiff's claim by letter dated 11/28/16 contending that there was no evidence Plaintiff was disabled as a result of physical conditions and that Plaintiff had exhausted disability benefits payable for disability due to mental conditions. The denial letter contained no information regarding how Defendant had calculated Plaintiff's basic monthly benefit (BMB) and did not identify the policy provisions or information/evidence on which Defendant relied in calculating the BMB.

5. Plaintiff timely appealed the denial as framed by Defendant's letter and submitted evidence demonstrating that he was disabled as a result of his chronic pain, diabetes, and other conditions.

6. Defendant referred the file to a peer review physician who following his review posed two written questions (to be answered by Plaintiff's treating physician) to Plaintiff. As the questions made little sense and/or were answered by the medical records available to Defendant, Plaintiff responded, in writing, requesting clarification. Defendant (Holt) agreed the questions were poorly worded and confusing and stated it would rephrase the questions. Plaintiff specifically advised that he would work with Defendant to get valid questions answered. Nonetheless, new questions were never submitted. Instead of clarifying the questions Defendant (Holt) denied Plaintiff's appeal by letter dated 7/27/17, based, at least in part, on the peer reviewer physician's misunderstanding that contact with Plaintiff's treating physician was prohibited and its own refusal to acknowledge Plaintiff's genuine offer to work cooperatively towards a resolution.

7. Having exhausted his administrative remedies, Plaintiff filed this claim. Plaintiff seeks benefits at the rate of $2,500 per month, his basic monthly benefit (BMB), which is 60% of Plaintiff's gross monthly income in effect just prior to his date of disability, commencing on the

date of cutoff and continuing through the current date and for so long as Plaintiff is eligible pursuant to the terms of the plan, but not beyond 9/11/34, subject to the terms of the Plan (including adjustment for receipt of other benefits, if any). Additionally Plaintiff seeks additional benefits for the period from his date of eligibility through the date his benefits were terminated as Plaintiff was paid at an incorrect rate (the correct rate being $2500/month).

8.  Defendant initially paid benefits at the basic monthly rate of $1821.61. Plaintiff did not address the BMB calculation in his appeal because there was nothing in the denial letter to alert him to the fact that the calculation made by Defendant amounted to a denial of benefits payable (a reduction in benefits) based on a basic monthly benefit amount established other than by reducing his monthly earnings (the monthly income from his employer in effect just prior to the date of his disability) by 40%. Furthermore, there is nothing in any of the Defendant's letters or in the file, to Plaintiff's review, explaining how Defendant calculated Plaintiff's BMB and what policy provisions and evidence it relied on in making the calculation. However, the claim file (administrative record) contains the policy (which is also attached to the complaint) and Plaintiff's earning information; thus, all the information necessary to a determination of the correct BMB is in the record. Nonetheless, should the court determined that Plaintiff must formally appeal Defendant's determination, Plaintiff requests that this matter be remanded for purposes of permitting Plaintiff to affect such an appeal.

9.  Plaintiff has retained the undersigned attorney and is obligated to him for reasonable attorney's fees for his services. Plaintiff seeks reasonable attorney's fees pursuant to § 29 USC 1132(g).

- 4 -

10.    Plaintiff reasonably believes that as a result of the denial of his claim for LTD benefits, he has been denied other benefits including but not limited to life insurance and health insurance.

**WHEREFORE**, PLAINTIFF demands judgment for damages against DEFENDANT for disability benefits and consequential damages (only to the extent they are recoverable under ERISA law) including other employment benefits denied to Plaintiff as a result of the wrongful denial of his LTD benefits, together with interest, attorney's fees, and costs. Only in the event the Court deems it necessary, Plaintiff requests remand to permit Plaintiff to formally appeal Defendant's determination of his BMB.

/s/ Terence J. Kann_____
**TERENCE J. KANN, P.A.**
Florida Bar #286664
2790 NW 43rd Street, Suite 100
Gainesville, Florida  32606
Telephone: (352)375-3203
Facsimile:  (352)380-0378
Attorney for Plaintiff